# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION



| | |
|---|---|
| Texas Instruments Incorporated, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| Citigroup Global Markets, Inc., BNY | § |
| Capital Markets, Inc., and Morgan Stanley | § |
| and Co., Inc., | § |
| | § |
| Defendants. | § |
| | § |
| | § |

Civil Action No. _____

3-09CV0822-G

#3086

## NOTICE OF REMOVAL

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendant Citigroup Global Markets, Inc. ("Defendant" or "CGMI") by its undersigned attorneys, submits this Notice of Removal from the District Court of Dallas County, Texas, in which the above-captioned action is now pending, to the United States District Court for the Northern District of Texas and in support of said Notice state as follows:

## NATURE OF THE ACTION

1. This action was commenced by the filing of an original petition in the District Court of Dallas County, Texas (the "Petition"), on April 1, 2009. The action was docketed in that court as *Texas Instruments Inc.* v. *Citigroup Global Markets, Inc., et al.*, Cause No. 09-03774.

## PARTIES

2.   Upon information and belief, Plaintiff Texas Instruments Inc. ("Texas Instruments") is a Delaware corporation with its principal place of business in Dallas County, Texas.

3.   Defendant CGMI is a New York corporation with its principal place of business in New York, New York.

4.   Upon information and belief, Defendant BNY Capital Markets, Inc. ("BNY") is a New York corporation with its principal place of business in New York, New York.

5.   Upon information and belief, Defendant Morgan Stanley & Co., Incorporated ("Morgan Stanley") is a Delaware corporation with its principal place of business in New York, New York.

## PLAINTIFF'S CLAIMS

6.   This action arises out of Texas Instruments' purchase of auction rate securities ("ARS") through three separate and independent financial institutions—CGMI, BNY and Morgan Stanley.

7.   Texas Instruments has brought a single claim under the Texas Securities Act, TEX. REV. CIV. STAT. ANN. art. 581-33(A), purporting to allege that each Defendant made material misrepresentations in connection with its marketing and sale of ARS to Texas Instruments.   Plaintiff seeks rescission of "approximately five-hundred twenty-four million dollars" worth of ARS it claims it continues to hold, as well as interest, costs and attorneys' fees.   CGMI denies these allegations, but solely for the purpose of this notice they are presumed true.

## BASIS FOR REMOVAL

8. Removal is warranted pursuant to 28 U.S.C. § 1332(a), because this action is between "citizens of different States" and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Plaintiff Texas Instruments, a Delaware corporation with its principal place of business in Dallas County, Texas, is diverse from Defendant CGMI, a New York corporation with its principal place of business in New York, New York. Plaintiff is also diverse from Defendant BNY, which is, upon information and belief, a New York corporation with its principal place of business in New York, New York. The citizenship of Morgan Stanley should be disregarded, because it has been improperly joined to Plaintiff's action against CGMI.

10. Under Federal Rule of Civil Procedure 20(a), defendants are properly joined only if (1) "there is asserted against them *jointly, severally, or in the alternative*, any right to relief in respect of or arising out of the *same transaction, occurrence, or series of transactions or occurrences*" and (2) "any *question of law or fact common to all* defendants will arise in the action." Fed. R. Civ. P. 20(a) (emphasis added). *See also* Tex. R. Civ. P. 40(a); *Crockett* v. *R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (stating that Texas has adopted the same requirements for proper joinder in Tex. R. Civ. P. 40(a) as are required by Fed. R. Civ. P. 20(a)).

11. Here, Texas Instruments' purchases of ARS from CGMI were independent of any ARS investments Texas Instruments made through Morgan Stanley or BNY, and involve unique factual circumstances relating only to communications between Texas Instruments and CGMI. Any action and representation made by CGMI, Morgan Stanley, and BNY are separate and distinct and do not arise out of the same transaction or involve

the same facts. Texas Instruments does not allege in its Petition that Defendants were acting in concert or that each Defendant was responsible for the actions or representations of the other two Defendants, nor could it.  Texas Instruments has thus inappropriately grouped all Defendants together in this suit, where the *only* commonality is that the Defendants purchased the same type of security from three separate and distinct financial institutions.  Plaintiff's allegation of parallel misconduct by separate defendants does not meet the requirements for proper joinder. *See DirecTV, Inc. v. Adrian*, No. 03 C 6366, 2004 WL 1146122, at * 2-3 (N.D. Ill. May 18, 2004); *Bridgeport Music, Inc. v. JIC Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn. 2001); *Movie Sys., Inc.* v. *Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983) ("It may be that the complaints assert a right to relief against all defendants arising from *similar* transactions, but the rule permitting joinder requires that such arise from the *same* transactions.") (emphasis in original).

12. Where non-diverse parties have been improperly joined, removal pursuant to the federal courts' diversity jurisdiction is appropriate. *See Smallwood* v. *Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphasizing that "suits are removable 'only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought'" (quoting 28 U.S.C. § 1441(b)) (emphasis in original); *Tapscott* v. *MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (affirming district court's assertion of jurisdiction over removed action where there was "no allegation of joint liability or any allegation of conspiracy" between diverse and non-diverse defendant classes and where the alleged transactions involving each class were "wholly distinct"), *abrogated on other grounds by Cohen* v. *Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000); *see also Crockett* v. *R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 n.7 (5th Cir. 2006) (stating that removal is blocked "only where 'properly joined'

4

defendants are citizens of the state in which the action is brought"); *Moote* v. *Eli Lilly & Co.*, C.A. No. C-06-472, 2006 WL 3761907, at *2 (S.D. Tex. Dec. 21, 2006) (recognizing that federal jurisdiction is appropriate when non-diverse defendant is improperly joined).   Accordingly, this case is removable to the United States District Court for the Northern District of Texas.

## **PROCEDURAL MATTERS**

13. The Northern District of Texas, Dallas Division, embraces the place where the state court action currently is pending.

14. This Notice of Removal is being filed within thirty (30) days of the date of the first Defendants' receipt of the Petition within the meaning of 28 U.S.C.A. § 1446(b). The Petition was served on Defendant Citigroup Global Markets, Inc. on April 3, 2009.

15. Because Defendant Morgan Stanley is a non-diverse defendant that has been improperly joined to this action, its consent to removal of the state court action is unnecessary. *See Jernigan* v. *Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties . . . application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); *In re Silica Prods. Liability Litig.*, 398 F. Supp. 2d 563, 658 (S.D. Tex. 2005) ("One exception to the rule of unanimity is that there is no requirement that an improperly-joined party consent to the removal.") (citing *Jernigan*).

16. Pursuant to Local Rule 81.1, the following documents are attached hereto: a completed civil cover sheet (Exhibit 1); a completed supplemental civil cover sheet (Exhibit 2); an index of all documents that clearly identifies each document and indicates

the date the document was filed in state court (Exhibit 3); a certified copy of the state court docket sheet (Exhibit 4); a copy of each document filed in the state court action (Exhibits 5-16); and a separately signed certificate of interested persons that complies with LR 3.1(c) (Exhibit 17).

17. Defendant BNY consents to removal of this action.  Defendant BNY's consent is attached hereto at Exhibit 18.

18. Subject to the acknowledgment that Morgan Stanley is a non-diverse Defendant and has been improperly joined in this action, Morgan Stanley's consent is attached hereto at Exhibit 19.

19. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(d).

20. In filing this Notice of Removal, the Defendants do not waive any defenses that may be available to them.

WHEREFORE, Defendant CGMI respectfully requests that the above-captioned action brought against it in the District Court of Dallas County, Texas be removed therefrom and proceed in this Court as an action duly removed.

Respectfully submitted,

_Carrie L. Huff_

Carrie L. Huff
State Bar No. 10180610
HAYNES AND BOONE LLP
2323 Victory Avenue
Suite 700
Dallas, Texas 75219-7673
Telephone:  214-651-5000
Facsimile:  214-615-5940

Of Counsel:

Thomas D. Cordell
State Bar No. 04820600
HAYNES AND BOONE LLP
1221 McKinney Suite 2100
Houston, Texas 77010
Telephone:  713-547-2000
Facsimile:  713-547-2600

Of Counsel:

Brad S. Karp (*pro hac vice* pending)
New York Bar No. 2064509
Susanna M. Buergel (*pro hac vice* pending)
New York Bar No. 4050399
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-492-0553

Charles E. Davidow (*pro hac vice* pending)
District of Columbia Bar No. 3061363
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: 202-223-7300
Facsimile: 202-204-7380

ATTORNEYS FOR DEFENDANT
CITIGROUP GLOBAL MARKETS, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to all counsel of record, by mail and by fax, in accordance with the Texas Rules of Civil Procedure, on this 1st day of May, 2009.

Mr. Stephen D. Susman
Mr. Mark L.D. Wawro
Mr. David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
(*Attorneys for Plaintiff*)

Mr. Michael L. Dinnin
Mr. William J.. Moore
BRACEWELL & GIULIANI LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202-2711
Telephone: (214) 468-3800
Facsimile: (214) 468-3888
(*Attorneys for Defendant BNY Capital
Markets, Inc.*)

Mr. J. Clifford Gunter, III
BRACEWELL & GIULIANI LLP
711 Lousiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 223-2300
Facsimile: (713) 221-1212
(*Attorney for Defendant BNY Capital
Markets, Inc.*)

Mr. Rodney Acker
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
(*Attorney for Defendant Morgan Stanley
and Co., Incorporated*)

_____
Carrie L. Huff

Exhibit 1

Exhibit 2

Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Texas Instruments Incorporated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Citigroup Global Markets, Inc., BNY | § | |
| Capital Markets, Inc., and Morgan Stanley | § | |
| and Co., Inc., | § | |
| | § | Civil Action No. _____ |
| Defendants. | § | |
| | § | |
| | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| Exhibit | Document | Date Filed |
|---|---|---|
| 5 | Plaintiff's Original Petition | 4/1/2009 |
| 6 | Plaintiff's Request for Jury Trial | 4/1/2009 |
| 7 | Return – Citation for BNY Capital Markets, Inc. | 4/13/2009 |
| 8 | Return – Citation for Morgan Stanley and Co., Inc. | 4/13/2009 |
| 9 | Return – Citation for Citigroup Global Markets, Inc. | 4/13/2009 |
| 10 | Jury Fee Paid - Plaintiff | 4/13/2009 |
| 11 | Certificate of Service – Secretary of State | 4/21/2009 |
| 12 | Defendant Morgan Stanley and Co., Inc's Special Exceptions and Answer to Plaintiff's original Petition | 4/24/2009 |
| 13 | Defendant Morgan Stanley and Co., Inc.'s Motion to Sever | 4/24/2009 |
| 14 | Defendant BNY Capital Markets, Inc.'s Special Exceptions and Original Answer | 4/27/2009 |
| 15 | Defendant BNY Capital Markets, Inc.'s Motion to Sever | 4/27/2009 |
| 16 | Defendant Citigroup Global Markets, Inc.'s Special Exceptions and Answer to Plaintiff's Original Petition | 4/27/2009 |

Exhibit 4

# CASE SUMMARY
## CASE NO. DC-09-03774

| | | |
|---|---|---|
| **TEXAS INSTRUMENTS INCORPORATED** | § | Location: **162nd District Court** |
| vs. | § | Judicial Officer: **RAGGIO, LORRAINE** |
| **CITIGROUP GLOBAL MARKETS INC et al** | § | Filed on: **04/01/2009** |
| | § | |

---

### CASE INFORMATION

Case Type: **COMMERCIAL DISPUTE**
Sub Type: **SECURITIES/STOCK**

---

### PARTY INFORMATION

| | | Lead Attorneys | |
|---|---|---|---|
| **PLAINTIFF** | **TEXAS INSTRUMENTS INCORPORATED** | **WAWRO, MARK L D** *Retained* | 713-651-9366 |
| **DEFENDANT** | **BNY CAPITAL MARKETS, INC.** | **DINNIN, MICHAEL L** *Retained* | 214-468-3800 |
| | **CITIGROUP GLOBAL MARKETS INC** | **HUFF, CARRIE L** *Retained* | 214-651-5509 |
| | **MORGAN STANLEY AND CO., INC.** | **ALLEMAN, LINDSY NICOLE** *Retained* | 214-855-8000 |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/01/2009 | ORIGINAL PETITION (OCA) | |
| 04/01/2009 | ISSUE CITATION | |
| 04/01/2009 | ISSUE CITATION COMM OF INS OR SOS | |
| 04/01/2009 | JURY DEMAND (OCA)<br><br>    Party:  PLAINTIFF  TEXAS INSTRUMENTS INCORPORATED | *Vol./Book j25, Page236,, 1 pages* |
| 04/01/2009 | **CITATION**<br>CITIGROUP GLOBAL MARKETS INC  served  04/03/2009<br>MORGAN STANLEY AND CO., INC.   served  04/03/2009 | |
| 04/01/2009 | **CITATION SOS/COI/COH/HAG**<br>BNY CAPITAL MARKETS, INC.        unserved | |
| 04/13/2009 | RETURN OF SERVICE<br>*AFFIDAVIT OF SERVICE ( BNY CAPITAL MARKETS INC 4/3/09)* | |
| 04/13/2009 | JURY DEMAND (OCA)<br><br>    Party:  PLAINTIFF  TEXAS INSTRUMENTS INCORPORATED | *Vol./Book J25, Page247,, 1 pages* |
| 04/21/2009 | MISCELLANOUS EVENT<br>Party:  PLAINTIFF  TEXAS INSTRUMENTS INCORPORATED<br>*P/CERT SOS* | |
| 04/24/2009 | MOTION - SEVER<br>Party:  DEFENDANT  MORGAN STANLEY AND CO., INC. | |

*Printed on 04/29/2009 at 2:25 PM*

# CASE SUMMARY
## CASE NO. DC-09-03774

| | |
|---|---|
| 04/24/2009 | ORIGINAL ANSWER - GENERAL DENIAL<br>    Party:  DEFENDANT  MORGAN STANLEY AND CO., INC.<br>    *SPEC EXCEPT* |
| 04/27/2009 | MOTION - SEVER<br>    Party:  DEFENDANT  BNY CAPITAL MARKETS, INC. |
| 04/27/2009 | ORIGINAL ANSWER - GENERAL DENIAL<br>    Party:  DEFENDANT  CITIGROUP GLOBAL MARKETS INC<br>    *SPEC EXCEPTIONS* |
| 04/27/2009 | ORIGINAL ANSWER - GENERAL DENIAL<br>    Party:  DEFENDANT  BNY CAPITAL MARKETS, INC.<br>    *SPECIAL EXCEPT* |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **PLAINTIFF**  TEXAS INSTRUMENTS INCORPORATED | | |
| | Total Charges | | 310.00 |
| | Total Payments and Credits | | 340.00 |
| | **Balance Due as of  4/29/2009** | | **(30.00)** |
| 04/01/2009 | Charge | PLAINTIFF TEXAS INSTRUMENTS INCORPORATED | 222.00 |
| 04/01/2009 | Charge | PLAINTIFF TEXAS INSTRUMENTS INCORPORATED | 28.00 |
| 04/01/2009 | PAYMENT (CASE FEES) | Receipt # 23605-2009-DCLK | PLAINTIFF TEXAS INSTRUMENTS INCORPORATED | (310.00) |
| 04/01/2009 | Charge | PLAINTIFF TEXAS INSTRUMENTS INCORPORATED | 30.00 |
| 04/13/2009 | Charge | PLAINTIFF TEXAS INSTRUMENTS INCORPORATED | 30.00 |
| 04/13/2009 | Adjustment | PLAINTIFF TEXAS INSTRUMENTS INCORPORATED | (30.00) |
| 04/13/2009 | Charge | PLAINTIFF TEXAS INSTRUMENTS INCORPORATED | 30.00 |
| 04/13/2009 | PAYMENT (CASE FEES) | Receipt # 26653-2009-DCLK | PLAINTIFF TEXAS INSTRUMENTS INCORPORATED | (30.00) |

*Printed on 04/29/2009 at 2:25 PM*

V

_____ 162nd _____ JUDICIAL DISTRICT
COURT OF DALLAS COUNTY, TEXAS

CAUSE OF ACTION _____ _____

**DC – 09 – 03774**
Filed: 04/01/2009

| COMMERCIAL DISPUTE | 162nd District Court |
|---|---|
| **TEXAS INSTRUMENTS INCORPORATED vs. CITIGROUP GLOBAL MARKETS INC** | |
| Plaintiff **TEXAS INSTRUMENT** | Lead Attorney **WAWRO, MARK L D** |
| Defendant **CITIGROUP GLOBAL** | Lead Attorney |

FILE DATE 04/01/09      COST DEPOSIT $ 280.00      JURY 3000
BOND APPROVAL _____  DATE _____  INITIAL PROCESS ISSUED _____

CONSOLIDATED WITH _____ TRANSFERRED FROM _____
SEVERED FROM _____ DATE _____

| DATE FILED | PLEADINGS/ORDERS/PROCESS ISSUED | BOOK/PAGE |
|---|---|---|
| 4-1-09 | 2 cits Atty & 1sos Atty | |
| 4-1-09 | P/Jury Demand | J25236 |
| 4-3-09 | Ret Cit – Morgan Stanley 4-3-09 | |
| 4-3-09 | Ret Cit – BNY Capital 4-3-09 | |
| 4-13-09 | Ret Cit – Citigroup Global 4-3-09 | |
| 4-13-09 | P/Jury Demand | J25247 |
| 4-21-09 | P/Cert sos | |
| 4-24-09 | D/origans & spec except – Morgan Stanley | |
| 4-24-09 | D/m/Sever | |
| 4-27-09 | D/origans & spec except – Citigroup Global | |
| 4-27-09 | D/spec except & origans – BNY Capital | |
| 4-27-09 | D/m/Sever | |

**THESE ARE DISTRICT COURT PAPERS AND MUST NOT BE REMOVED FROM THE DISTRICT CLERK'S OFFICE.** 162nd
**Gary Fitzsimmons, District Clerk, Dallas County**



Cause No. 09-03774

| | | |
|---|---|---|
| TEXAS INSTRUMENTS INCORPORATED, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | **I-162nd** |
| v. | § § | |
| CITIGROUP GLOBAL MARKETS, INC., BNY CAPITAL MARKETS, INC., and MORGAN STANLEY AND CO., INC., | § § § § | DALLAS COUNTY, TEXAS |
| | § § | *Jury Demanded* |
| Defendants. | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Texas Instruments Incorporated ("Texas Instruments") files this Original Petition against Citigroup Global Markets, Inc. ("Citi"), BNY Capital Markets, Inc. ("BNY"), and Morgan Stanley and Co., Inc. ("Morgan Stanley"), (collectively, the "Defendants"), and shows the following:

1. Texas Instruments intends to conduct **Level 3** discovery pursuant to Texas Rule of Civil Procedure 190.4.

2. Texas Instruments demands a **trial by jury**, and hereby tenders the requisite fee to the Clerk of this Court.

934620v1/011266

## PARTIES

3.      Plaintiff Texas Instruments is a Delaware corporation with its principal place of business and executive offices in Dallas County, Texas, at 12500 TI Boulevard, Dallas, Texas, 75266.

4.      Defendant Citigroup Global Markets, Inc. is a New York corporation with its principal place of business in New York, New York. Citi is authorized to and conducts business in the State of Texas. Citi can be served through its registered agent CT Corporation, at 350 N. St. Paul Street, Dallas, Texas, 75201. The clerk is requested to issue a citation at this time.

5.      Defendant BNY Capital Markets, Inc. is a New York corporation with its principal place of business in New York, New York. BNY conducts business in the state of Texas. BNY can be served through the Texas Secretary of State under Texas Civil Practice and Remedies Code § 17.044(b). A copy of the process shall be mailed to BNY's home office at 1 Wall Street, 32nd Floor, New York, NY, 10286. The clerk is requested to issue a citation at this time.

6.      Defendant Morgan Stanley and Co., Inc. is a Delaware corporation with its principal place of business in New York, New York. Morgan Stanley is authorized to and conducts business in the State of Texas. Morgan Stanley can be served through its registered agent CT Corporation, at 350 N. St. Paul Street, Dallas, Texas, 75201. The clerk is requested to issue a citation at this time.

## VENUE

7.      Venue is proper in Dallas County, Texas under Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(3) & 15.005. All or a substantial part of the

events giving rise to Texas Instruments' claims occurred in Dallas County, Texas. Citi, BNY, and Morgan Stanley each have a principal office in Dallas County, Texas.

## JURISDICTION

8.    Jurisdiction is proper in this Court because the amount in controversy is in excess of the minimal jurisdictional requirements of this Court. Further, this Court has personal jurisdiction over the Defendants because they have conducted substantial business in Dallas County, Texas. The Defendants' contacts with this forum are not random, fortuitous, or attenuated. As a result, this Court may exercise general personal jurisdiction over the Defendants. Moreover, a substantial portion of the claims against the Defendants arises from conduct organized, planned, directed, or carried out in whole or in part, in Dallas County, Texas.

## FACTUAL BACKGROUND

9.    Defendants Citi, BNY, and Morgan Stanley, are securities broker-dealers. The Defendants provided underwriting services for issuers of Auction Rate Securities ("ARS") and marketed these ARS to customers throughout the United States.

10.    ARS are nominally long-term bonds issued by municipalities, student loan entities, and corporations, or preferred stock issued by closed-end mutual funds, with variable interest rates or dividend yields that are periodically reset through "auctions" typically held every seven, twenty-eight, or thirty-five days as established by each ARS prospectus. ARS may be backed by assets such as collateralized debt obligations ("CDOs"), sub-prime mortgages, or government-backed student loans ("SLARS").

11.    The issuer of each ARS selects one or more broker-dealers to underwrite the offering and/or manage the auction process. If the issuer selects more than one broker-



dealer, then the issuer designates one of the broker-dealers as the lead broker-dealer, which has primary responsibility for managing the auction process.

12.     Each participating broker-dealer accepts orders from its customers, as well as from non-participating broker-dealers, and then submits the orders to the auction agent, which runs the auction. Customers bid the lowest interest rate or dividend they are willing to accept. The auction clears at the lowest rate bid that is sufficient to cover all of the securities for sale, and that rate applies to all the securities in the auction until the next auction. An auction fails when there are not enough bids to cover all securities for sale at the auction. Following a failed auction, the issuer pays the ARS holders a "maximum rate," which is either a flat rate or a rate set by a predetermined formula described in the prospectus. In a failed auction, no current securities holders can sell their ARS.

### The Defendants Misrepresent ARS and Secretly Manipulate the Market

13.     The Defendants marketed ARS to Texas Instruments as a highly liquid alternative to other short-term investments. Some or all of the Defendants initially emphasized ARS's safety by stating that the auctions for which they were broker-dealers had never failed and that other auction failures were rare and occurred only when there was an underlying credit concern with the issuers. The Defendants represented to Texas Instruments that an ARS investment posed little risk as a short-term investment because it could be liquidated on the next auction date.

14.     Based on the Defendants' assurances of liquidity and low-risk, Texas Instruments purchased a total of approximately five-hundred twenty-four million dollars ($524,000,000.00) of SLARS from the Defendants that Texas Instruments cannot liquidate.

15.     However, the Defendants' characterizations of ARS' liquidity as comparable to the liquidity of other short-term, highly liquid investments were untrue statements of material fact. Though Texas Instruments was aware of the <u>possibility</u> that the ARS auctions could fail, the Defendants mischaracterized the risk of auction failure by (i) emphasizing that previous auctions had failed solely due to fundamental problems with the credit of the issuer, and (ii) stating that, if necessary, broker-dealers would act to prevent failure of the SLARS auctions because the underlying credit was almost completely guaranteed by the federal government.

16.     The Defendants downplayed any risk of failed auctions. For example, Citi noted in a 2005 presentation that failed auctions could result in illiquid ARS but then immediately assured investors that "failed auctions are rare, the market has good liquidity, and the underlying assets are very high quality." In the same presentation, Citi described ARS as having "significant liquidity since they remarket so frequently . . . ."

17.     The Defendants also misrepresented the market demand for ARS to Texas Instruments, and omitted material facts needed to make their statements about market demand not misleading. To the extent some or all of the Defendants disclosed the ARS procedures, the disclosures inadequately represented the true risk of the investment and were directly contradicted by the Defendants' marketing practices. Any disclosure of the Defendants' ARS bidding practices omitted the extent to which the entire ARS market depended on continued bidding and purchasing by the Defendants and other broker-dealers and that cessation of their bidding and purchasing practices would immediately render virtually all ARS illiquid.

18.    Further, the Defendants failed to disclose the extent to which they were participating in the auction, their aggregated holdings of ARS, and the internal limits they had set for the amount of ARS they were willing to hold in their own inventory.  Texas Instruments was not aware of the Defendants' actual holdings of ARS at any point in time. Had Texas Instruments known (i) the Defendants' internal limits for ARS purchasing, and (ii) the Defendants' actual ARS holdings, Texas Instruments would have changed its purchasing behavior when the Defendants' internal ARS holdings were approaching the limits.

## Despite ARS Failures, Citi and BNY Assure Texas Instruments that SLARS are Safe and Liquid

19.    In the summer of 2007, auctions for ARS backed by CDOs and sub-prime mortgages began to fail as the fundamental credit quality of those securities began to substantially deteriorate.   Texas Instruments, however, owned only SLARS.   Texas Instruments asked Defendants Citi and BNY whether its SLARS faced a risk of auction failure similar to the ARS backed by CDOs and sub-prime mortgages.

20.    Both Citi and BNY assured Texas Instruments that the SLARS would not fail at auction and that broker-dealers would continue to be strong buyers of SLARS due to the very strong credit quality of those securities.  However, Citi and BNY knew that auction failures in one segment of the ARS market would likely have a substantial impact on the rest of the ARS market and that their continued purchase of SLARS was restricted by their internal limits on ARS purchases.

21.    Texas Instruments relied on the assurances from Citi and BNY in its decision to continue purchasing and holding SLARS.

### The Defendants Misrepresent the Maximum Interest Rates

22.     Following the failures in the CDO and mortgage-backed ARS auctions, Texas Instruments continued to closely monitor its ARS investments.  In late 2007, Texas Instruments observed that the interest rates for many ARS were approaching their maximum rates.  If the maximum rate for an ARS was lower than the expected market-clearing rate, Texas Instruments was concerned that the auction for that ARS might fail.

23.     Texas Instruments began requesting that the Defendants provide the maximum rate for an ARS prior to its auction.  Texas Instruments could then compare the maximum rate for each ARS with the market interest rate for similar ARS.  If the market rate was above or close to the maximum rate provided by the Defendants, then Texas Instruments would not purchase the ARS.  Conversely, if the maximum rate provided by the Defendants was above the market interest rate, Texas Instruments would consider investing in or continuing to hold the ARS.

24.     Given the amount of ARS held by Texas Instruments and its continuous and active evaluation of other ARS up for auction, Texas Instruments could not feasibly perform all of the calculations necessary to determine the maximum rate for each ARS it held or considered purchasing.  Further, Texas Instruments believed such calculations were unnecessary because the Defendants readily provided the maximum rate to Texas Instruments.

25.     However, the Defendants failed to disclose that some of the maximum rates they provided to Texas Instruments were artificially and temporarily inflated.  On information and belief, the Defendants were aware that some of the issuers had waived the maximum rate required by the ARS offering documents and allowed for a higher maximum

934620v1/011266                                              7

rate at auction in an effort to reduce the risk of failed auctions. These artificial maximum rates misled Texas Instruments to believe that some of the ARS presented lower risks of failed auctions and did not accurately reflect the rate an investor could expect to receive over an extended period of time if the auctions failed.

26.     For instance, in both September and December of 2007, the Board of Directors of the Montana Higher Education Student Assistance Corporation—the issuer of certain SLARS held by Texas Instruments—agreed to waive its maximum interest rates with the knowledge of Citi. Texas Instruments purchased and continued to hold these securities based on the higher maximum rates provided by Citi to Texas Instruments, not knowing that such higher rates were only temporary and that the waiver could be revoked at any time. On February 20, 2008, after the ARS auction market experienced widespread failure as discussed below, the Montana Higher Education Student Assistance Corporation revoked its waiver. This revocation reduced the maximum interest rate from 10% to 3.479%, leaving Texas Instruments holding illiquid securities at maximum rates far lower than Citi had represented.

27.     The Defendants also misrepresented the nature of the maximum interest rates. Texas Instruments was told that the maximum interest rate was an above-market penalty designed to compensate the holders for illiquidity and to penalize the issuer in the event of an auction failure. The Defendants told Texas Instruments that the maximum interest rate on SLARS was high enough to create additional incentives to prevent failed auctions or for the issuer to redeem or restructure the securities to avoid the penalty. For instance, a 2005 presentation by Citi stated that "[t]he maximum interest rate pertaining to a failed auction is a penalty rate much higher than typical ARS market rates." In addition, the Defendants failed



to disclose that, in some cases, the issuers of the SLARS lacked the financial capacity to pay the maximum rate for an extended period of time without significantly degrading the credit quality of the security.

28.    The maximum rates are, in fact, not guaranteed to pay above-market interest to the holders following a failed auction.  The maximum rate is typically a multiple or fixed spread of a benchmark rate for highly liquid, short-term securities.  Though the maximum rates for Texas Instruments' SLARS are higher than the rates for liquid securities, they are considerably lower than the interest rates for <u>comparable, illiquid</u> securities.  Such below-market rates fail to provide meaningful compensation to Texas Instruments for the illiquidity of the SLARS.  Similarly, the current maximum interest rates are too low to penalize the issuers and do not create incentives to prevent failed auctions or redeem or restructure the securities.  In some cases, the credit ratings for Texas Instruments' SLARS have been significantly reduced as a direct result of failed auctions because the issuers do not have the capacity to pay interest at the maximum rate and all principal at maturity.

29.    As a result of this omission and misleading information, Texas Instruments was unable to accurately analyze the risks and possible interest rates for the ARS it was purchasing or holding.

**The Defendants Stop Purchasing ARS and the Market Collapses**

30.    During the fall of 2007, more ARS auctions began to fail.  The likelihood of auction failure for all types of ARS, including SLARS for which the defendants were broker-dealers, increased significantly, but the Defendants did not provide current, complete, and accurate information to alert Texas Instruments to these risks.  At the same time, the Defendants increased their efforts to sell their ARS holdings.

31.    In late 2007, the Defendants began to prepare for the eventuality of failed auctions across the ARS market. Again, the Defendants withheld their views on the dire condition of the ARS market from Texas Instruments and continued to openly characterize ARS as safe and liquid short-term investments despite their conflicting internal views.

32.    On February 7, 2008, multiple ARS auctions failed. By February 13, 2008, virtually all major broker-dealers—including the Defendants—had withdrawn their artificial support of the ARS market and instead allowed almost 90% of the ARS auctions to fail.

33.    Without artificial support from the broker-dealers, the ARS market immediately collapsed. ARS holders were left holding more than $300 billion of illiquid securities. Texas Instruments still holds approximately five-hundred twenty-four million dollars ($524,000,000.00) of now-illiquid SLARS it purchased from the Defendants.

## CAUSE OF ACTION

### Violation of the Texas Securities Act – Tex. Rev. Civ. Stat. Ann. art. 581-33(A)

34.    Texas Instruments incorporates by reference the allegations in all of the paragraphs above.

35.    Texas Instruments purchased the ARS as a result of the Defendants' untrue statements of material fact and omissions to state material facts described above. The Auction Rate Securities sold by the Defendants are securities within the meaning of the Texas Securities Act. Texas Instruments was the buyer of the securities. As a proximate cause of the Defendants' wrongful acts, Texas Instruments suffered injury.

36.    Texas instrument seeks rescission under Section 33(D), including prejudgment interest. Texas Instruments also is entitled to and seeks an award of costs and reasonable attorneys' fees under Section 33(D).

## JURY DEMAND

37.     Plaintiff has previously requested a jury trial and paid the applicable fee.

## PRAYER FOR RELIEF

38.     Wherefore, Plaintiff prays that Defendants be cited to appear and that upon trial of this matter, Plaintiff be awarded the following:

(a)     Rescission of the securities pursuant to Tex. Rev. Civ. Stat. Ann. art. 581-33(D)(1).

(b)     Pre-judgment interest on the consideration paid for the securities at the maximum rate permitted by law pursuant to Tex. Rev. Civ. Stat. Ann. art. 581-33(D)(1).

(c)     An award of costs of suit pursuant to Tex. Rev. Civ. Stat. Ann. art. 581-33(D)(6).

(d)     An award of attorneys' fees pursuant to Tex. Rev. Civ. Stat. Ann. art. 581-33(D)(7).

(e)     Such other and further relief to which Texas Instruments justly is entitled.



Respectfully submitted,

SUSMAN GODFREY L.L.P.


By: _____
　　　Stephen D. Susman
　　　State Bar No. 19521000
　　　Mark L. D. Wawro
　　　State Bar No. 20988275
　　　David M. Peterson
　　　State Bar No. 24056123
　　　1000 Louisiana Street, Suite 5100
　　　Houston, Texas 77002-5096
　　　Telephone: (713) 651-9366
　　　Fax: (713) 654-6666

Attorneys for Plaintiff Texas Instruments Incorporated



**FILED**
2009 ~~MAR~~ -1 PM 4:15
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

### GARY FITZSIMMONS
### DALLAS COUNTY DISTRICT CLERK

**CAUSE NO.:** _09-03774_

Texas Instruments Inc     *     **IN THE DISTRICT COURT**

**PLAINTIFF**     *
     *
VS     *     **1-162nd**
     *
Citigroup Global Markets Inc.     *     _____ **JUDICIAL DISTRICT**

**DEFENDANT**     *     **DALLAS COUNTY, TEXAS**

### ENTER DEMAND FOR JURY

**JURY FEE PAID BY:**

**PLAINTIFF**     /     **DEFENDANT**

**FEE PAID:** $30.00

**RECORDED IN VOLUME** _J25_     **PAGE** _236_

600 COMMERCE STREET * DALLAS, TEXAS 75202 * (214) 653-7149
FAX (214) 653-6634 * E-mail: gfitzsimmons@dallascounty.org
Web Site: www.dallascounty.org/

# AFFIDAVIT OF SERVICE

Came to hand on the **3rd** day of **April** , 2009, at **1:30** o'clock **pm**.
Cause No. DC-09-03774

Executed at **1019 Brazos Street, 2nd Floor** **Austin, Texas 78701**
within the County of **Travis** at **2:05** o'clock **pm** on the **3rd** day
of **April** , 2009, by delivering to the within named:

**BNY CAPITAL MARKETS, INC.,**
**by delivering to THE TEXAS SECRETARY OF STATE, by delivering to her designated**
**agent, GAYLE LINEMAN, in person, true duplicate copies of this Citation with**
**Plaintiff's Original Petition attached, having first endorsed upon both copies**
**of such citation the date of delivery, and tendering the $55 Statutory Fee.**

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $

| |
|---|
| TEXAS INSTRUMENTS INCORPORATED, |
| Plaintiff |
| V. |
| CITIGROUP GLOBAL MARKETS, INC., |
| ET AL |
| Defendant |

By: _____
**Tom Kroll  ID# SCH - 3012**
(Authorized Person)

**THOMAS PROCESS**
809 Rio Grande Street
Suite 103
Austin, Texas  78701
(512) 320-8330

## VERIFICATION

STATE OF TEXAS      §
COUNTY OF TRAVIS    §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared
**Tom Kroll**                     , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this 3rd day of
April     , A.D., 2009.

_____
NOTARY PUBLIC, STATE OF TEXAS

42672/Texas Instruments

Came to Hand @ 1 30 pm

**Affidavit Attached**

FILED
2009 APR 13 AM 10: 52
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

ATTY (SOS)

No.: DC-09-03774

TEXAS INSTRUMENTS
INCORPORATED
vs.
CITIGROUP GLOBAL MARKETS
INC ET AL.

ISSUED
ON THIS THE 1ST DAY OF APRIL,
2009

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By CAROLL JONES, Deputy

Attorney for : Plaintiff
MARK L D WAWRO
SUSMAN GODFREY
1000 LOUISIANA SUITE 5100
HOUSTON TEXAS 77002
713-651-9366 TELEPHONE
713-654-6666 FAX

DALLAS COUNTY COURTHOUSE
FEES     FEE/NO.
PAID     P (U)

# CITATION

FORM NO. 353-4—CITATION

# THE STATE OF TEXAS

To:  BNY CAPITAL MARKETS, INC.
1 WALL STREET, 32ND FLOOR, NEW YORK, NY 10286
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079, AUSTIN, TX, 78711

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and ORIGINAL petition, a default judgment may be taken against you.

Your answer should be addressed to the clerk of the 162nd District Court at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **TEXAS INSTRUMENTS INCORPORATED**

Filed in said Court ON THIS THE 1ST DAY OF APRIL, 2009 against
BNY CAPITAL MARKETS, INC.

For suit, said suit being numbered  DC-09-03774  the nature of which demand is as follows:
Suit On  **COMMERCIAL DISPUTE** etc.
as shown on said petition       , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on **this the 1st day of April, 2009**
ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
CAROLL JONES

## OFFICER'S RETURN
### FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20 ____ at _____ o'clock. Executed at _____, within the County

of _____, State of _____, on the _____ day of _____, 20 ____, at _____ o'clock, by

delivering to the within named _____ each in person, a copy of this Citation together with the accompanying

copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

------000000------

## OFFICER'S RETURN
### FOR CORPORATIONS

Received this Citation the _____ day of _____, 20 ____ at _____ o'clock ____.M. Executed at _____, within the Court

of _____, State of _____, on the _____ day of _____, 20 ____, at

o'clock _____.M. by summoning the within named Corporation, _____ by delivering to

_____ President - Vice President - Registered Agent - in person, of the

said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

------000000------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness by my hand.

For Serving Citation  $ _____        Sheriff _____
For Mileage           $ _____        County of _____
For Notary            $ _____        State of _____
        Total Fees    $ _____        By _____

(Must be verified if served outside the State of Texas)
State of _____
County of _____
        Signed and sworn to me by the said _____ before me this _____

day of _____, 20 ____, to certify which witness my hand and seal of office.

Seal

State & County of _____

**Affidavit Attached**

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**ATTY**

# CITATION

No.: **DC-09-03774**

To:
**MORGAN STANLEY AND CO., INC.**
**SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**350 NORTH ST PAUL STREET, DALLAS TEXAS 75201**

2009 APR 13 AM 10: 51

FILED

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS

_____ DEPUTY

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **TEXAS INSTRUMENTS INCORPORATED**

**TEXAS INSTRUMENTS**
**INCORPORATED**

vs.

**CITIGROUP GLOBAL MARKETS**
**INC et al**

Filed in said Court **on this the 1st day of April, 2009** against

**MORGAN STANLEY AND CO., INC.**

**ISSUED**

**on this the 1st day of April, 2009**

For suit, said suit being numbered **DC-09-03774**, the nature of which demand is as follows: Suit On COMMERCIAL DISPUTE etc. as shown on said petition                    , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office on this **1st day of April, 2009**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas
By **CAROLL JONES, Deputy**

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County Texas

By _____

**CAROLL JONES**

_____, Deputy

Attorney for Plaintiff
**MARK L D WAWRO**
**SUSMAN GODFREY**
**1000 LOUISIANA SUITE 5100**
**HOUSTON TEXAS 77002**
**713-651-9366 TELEPHONE**
**713-654-6666 FAX**

DALLAS COUNTY CONSTABLE
FEES
PAID

DALLAS COUNTY CONSTABLE
FEES NOT
PAID

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed

at _____.M. on the _____, within the County of _____ at _____ o'clock

_____ day of _____, 20 _____, by delivering to the within

named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

For serving Citation  $ _____

For mileage  $ _____ of _____ County, _____

For Notary  $ _____ By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

DC-09-03774

**Texas Instruments Incorporated**                    **162nd District Court**

**Vs.**

**Citigroup Global Markets Inc. ET AL**              **Dallas County, Texas**


## RETURN OF SERVICE

Came to hand on April 3, 2009 at 9:00 a.m.

I, Darla Gray – SCH-2010, being duly sworn, depose and say, I have been duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or otherwise interested in this matter. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction. I have studied and am familiar with the Texas Rules Of Civil Procedure.

That on April 3, 2009 at 10:14 a.m., I executed delivery of this **Citation and Original Petition** on **Morgan Stanley and Co., Inc. by serving it's Registered Agent, CT Corporation System at 350 N. St. Paul, Dallas, TX 75201** in the following manner:

Personally and Individually to CT Corporation by delivering to: **Reva Jackson**

**"I declare under penalties of perjury that the information contained herein is true and correct"**

_____
Authorized Person: Darla Gray – SCH-2010

State of Texas
County of Dallas
Subscribed and sworn to before me, a notary public, on_____April 3_____, 2009.

_____
Notary Public

WHITNEY PITTMAN
Notary Public, State of Texas
My Commission Expires
July 20, 2011